[710 NYS2d 389]

In the Matter of JEFFREY N. ALLEN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 10, 2000

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

*Gerald L. Shargel*, New York City, and *LaRossa & Ross* (*Michael S. Ross* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 10 charges of professional misconduct. In his answer, the respondent declined to respond to the allegations contained in the petition on the ground that a full and complete answer might tend to incriminate him. The respondent subsequently stipulated to adding Charges Eleven through Fourteen to the pending charges. The Special Referee sustained all of the charges. The Grievance Committee now moves to confirm the Special Referee's report, and the respondent cross-moves to disaffirm the report and to limit the sanction imposed to a public censure.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by misappropriating funds, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]). The respondent was associated with and/or was a member of the law firm of Marcus, Rippa, and Gould (hereinafter the firm). On behalf of the firm, he forwarded a tax certiorari proceeding regarding one of the firm's clients, 15 Canal Road Associates, to Richard M. Sussman, Esq., as outside counsel. The matter was resolved. The referral fee due the firm was $18,019.83. Mr. Sussman forwarded to the firm a check dated January 16, 1997, in the amount of $14,762.52 and two checks dated May 2, 1997, in the amounts of $1,557.84 and $1,699.47, respectively. All three checks were payable to the respondent's order and were deposited into his personal account at Citibank. In January 1997, the respondent provided the firm with a bank check in the amount of $4,062.50, advising it that this amount was the total amount of the referral fee due the firm regarding the 15 Canal Road Associates matter.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by making a false statement to members of the firm, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The referral fee due the firm in the aforementioned matter was $18,019.83. The respondent, however, provided the firm with a bank check in the amount of $4,062.50, advising it that this amount was the total amount due the firm when he knew or should have known, it was not the case.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by misappropriating funds in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]). Between January 22, 1992 and May 14, 1997, the respondent represented numerous clients of the firm who were sellers in real estate transactions. In nine transactions, the respondent arrived at the closings with checks from the firm's escrow account and the corresponding check stubs. At the end of the closings, the respondent provided the clients with firm bills for services rendered and advised them that the bills would be paid from the funds being held in escrow. The respondent then wrote checks to his order, instead of to the firm's order, and deposited them into his personal account at Citibank. The respondent disguised his thefts by writing different payees on the checkbook stubs. The closing statements sent to the clients indicated that the entire fee had been paid to the firm when, in fact, the firm received none of the funds due it.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The respondent prepared and provided the aforementioned clients with false closing statements pertaining to the real estate transactions that he handled.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]). Between January 22, 1992 and May 14, 1997, the respondent represented numerous clients of the firm who were sellers in real estate transactions. In approximately eight transactions, the respondent arrived at the closings with several checks from the firm's escrow account and the corresponding check stubs. At the end of the closings, the respondent provided the clients with firm bills for services rendered and advised them that the bills would be paid from the funds being held in escrow. The respondent then wrote checks payable to his own order totaling approximately $2,650 and other checks payable to the firm. He deposited the checks payable to his own order into his personal account at Citibank. The respondent disguised his thefts by writing different payees on the checkbook stubs. The closing statements sent to the clients indicated that the entire fee had been paid to the firm when, in fact, the firm received only a portion of the funds due it.

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The respondent prepared and provided the aforementioned clients with false closing statements pertaining to the real estate transactions that he handled.

Charge Seven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by misappropriating funds in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]). The respondent represented a client of the firm regarding the refinancing of a mortgage. The respondent arrived at the closing with checks from the firm's escrow account and the corresponding check stubs. At the end of the closing, the respondent provided the client with a firm bill for services rendered and advised the client that the bill would be paid from the funds being held in escrow. The respondent then wrote a check payable to his own order and another check payable to the firm. He deposited the check payable to his own order into his personal account at Citibank. The respondent disguised his theft by writing a different payee on the checkbook stub. The closing statement sent to the client indicated that the entire fee had been paid to the firm when, in fact, the firm received only a portion of the funds due it.

Charge Eight alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The respondent prepared and provided the aforementioned client with a false closing statement pertaining to the real estate transaction that he handled.

Charge Nine alleged that the respondent issued an escrow check to cash and engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (e) and DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.46 [e]; 1200.3 [a] [8] [now (7)]).

Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]) states that all special account withdrawals shall be made only to a named payee and not to cash. On June 1, 1993, the respondent represented the Chapins in connection with the sale of a house in Ossining and the purchase of a home in Briarcliff Manor, New York. At the end of the closings, the respondent provided the client with firm bills for services rendered and advised them that the bills would be paid from

the funds being held in escrow. The respondent then wrote check number 3528, which was payable to the order of cash, in the amount of $1,000 against the firm's escrow account. He deposited the check into his personal account at Citibank. The respondent disguised his theft by writing a different payee on the checkbook stub. The closing statement sent to the client indicated that the entire fee had been paid to the firm when, in fact, the firm received none of the funds due it.

Charge Ten alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The respondent prepared and provided the aforementioned client with a false closing statement pertaining to the real estate transaction that he handled.

Charge Eleven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by misappropriating funds, in violation of DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]).

The respondent represented Kathleen P. Knowles and the Ostrows, clients of the firm, in connection with real estate transactions. In both transactions, the respondent arrived at the closings with checks from the firm's escrow account at Citibank. At the end of the closings, the respondent advised the clients that the bills would be paid from the funds being held in escrow. The respondent then wrote checks payable to his own order in the total amount of approximately $1,400 and other checks payable to the firm. He deposited the checks payable to his own order into his personal account at Citibank. The respondent disguised his thefts by writing different payees on the checkbook stubs. The closing statements sent to the clients indicated that the entire fee had been paid to the firm when, in fact, the firm received only a portion of the funds due it.

Charge Twelve alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The respondent prepared and provided the aforementioned clients with false closing statements pertaining to the real estate transactions that he handled.

Charge Thirteen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by misappropriating funds, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]).

The respondent represented six clients of the firm in connection with real estate transactions. The respondent arrived at the closings with checks from the firm's escrow account at Citibank. He wrote checks payable to the clients' order in the total amount of $4,884.11 from the funds being held in escrow. He then had the clients endorse those checks to him and deposited them into his personal account at Citibank. The closing statements sent to the clients indicated that the entire fee had been paid to the firm when, in fact, the firm received only a portion or none of the funds due it.

Charge Fourteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). The respondent prepared and provided the aforementioned clients with false closing statements pertaining to the real estate transactions that he handled.

Based on the evidence adduced at the hearing, Charges Three and Four are sustained insofar as nine transactions are concerned, and Charges Seven and Eight are sustained insofar as one transaction is concerned. The remaining charges are sustained in full.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he did not misappropriate or misuse client funds; that his services to the firm were at all times satisfactory; that there was a culture within the firm, promulgated by the senior partners, to divert fees to themselves and mask or omit those diversions from the firm's records; that he thought that the diverted fees were rightfully his; that he was held out to the public as a full partner; and that he may have reasonably believed that he was an equity partner in the firm.

The respondent has no prior disciplinary record.

Under the totality of the circumstances, the respondent is disbarred for his professional misconduct.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm and the respondent's motion to disaffirm the report of the Special Referee are granted in part and denied in part, in that Charges Three, Four, Seven, and Eight are sustained in part, and the remaining charges are sustained in full; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jeffrey N. Allen, is disbarred, and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jeffrey N. Allen is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.